IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FOUR THOUSAND THREE HUNDRED FORTY DOLLARS ($4,340.00) IN UNITED STATES CURRENCY, <br><br> Defendant, <br><br> And Concerning <br><br> OLADIMEJI AKINOLA AYODELE, <br><br> Claimant. | No. C16-4018 <br><br> REPORT AND RECOMMENDATION |

This matter comes before the Court on the Motion to Dismiss (docket number 6) filed by the Claimant, Oladimeji Akinola Ayodele, on April 22, 2016. The Government filed a Resistance (docket number 10) on May 12, 2016.[1] On May 3, 2016, Judge Leonard T. Strand referred this matter to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

---

[1] On May 24, 2016, the Court entered an Order (docket number 11) requiring the parties to submit additional briefing on the issue of notice. On June 7, 2016, both parties filed supplemental briefs. *See* docket numbers 12 and 13.

# I. PROCEDURAL BACKGROUND

On March 7, 2016, the Government filed a Verified Complaint of Forfeiture *In Rem*, seeking to forfeit $4,340.00 in United States currency belonging to the Claimant, Oladimeji Akinola Ayodele. It is alleged the money represents proceeds from trafficking in illegal controlled substances. A Warrant of Arrest In Rem was issued on the same date, ordering seizure of the property. On April 4, 2016, Claimant filed a Claim for Seized Property, asserting the money was not proceeds from trafficking in illegal controlled substances, and seeking return of the seized property. On April 22, 2016, Claimant filed an Answer to Civil Complaint for Forfeiture *In Rem*, generally denying the material allegations contained in the complaint, and asserting certain affirmative defenses. On the same date, Claimant filed the instant motion to dismiss.

# II. RELEVANT FACTS

On July 2, 2015, based on tips regarding Claimant selling marijuana and THC wax from his Sioux City, Iowa, business, "Everything Smoking," law enforcement obtained a State of Iowa search warrant for the business. Law enforcement also obtained a search warrant for Claimant's residence, also located in Sioux City. Law enforcement executed both search warrants. At "Everything Smoking," officers found marijuana, THC wax, digital scales, and drug paraphernalia. At Claimant's residence, officers found marijuana, THC wax, a heat sealer, and drug paraphernalia.

On July 3, 2015, law enforcement listened to a recorded jail telephone call made by Claimant to an unknown third party. On the recording, Claimant told the unknown third party to go to his business and retrieve "four things" from the ceiling tile in the bathroom. On July 6, based on the recorded telephone call, law enforcement obtained and later executed a second search warrant at "Everything Smoking." Among other things, officers found $4,340.00 in United States currency hidden on top of a ceiling tile in the bathroom of the business.

The Drug Enforcement Administration ("DEA") commenced an administrative forfeiture on the $4,340.00 in United States currency. On November 6, 2015, Claimant received personal notice of the administrative forfeiture commenced by the DEA. On December 9, 2015, Claimant and his attorney, Jay W. Mez, submitted a claim for return of the seized property, which was received by the Department of Justice on December 10. The matter was then referred to the United States Attorney for the Northern District of Iowa for the filing of a judicial forfeiture complaint. On March 7, 2016, the United States filed a verified complaint of forfeiture *in rem*, seeking forfeiture of the $4,340.00 found during the search. On March 9, Mr. Mez received notice of the complaint by certified mail. On April 4, Claimant filed a claim in this action for return of the seized property. On April 22, Claimant filed an answer to the complaint. On the same date, Claimant filed the instant motion to dismiss.

### III. DISCUSSION

#### A. Parties' Claims

In his motion to dismiss, Claimant asserts "insufficiency of service of process." In his brief, Claimant argues written notice of a forfeiture is required within 60 days after the date of seizure, citing 18 U.S.C. § 983(a)(1)(A)(i) and 28 C.F.R. § 8.9(c). Claimant maintains the original administrative forfeiture proceeding was untimely, and the subsequent civil forfeiture action must be dismissed pursuant to 18 U.S.C. § 983(a)(1)(F).

In response, the Government claims that notice in this matter was proper. In its supplemental brief, the Government points out that this action began as an administrative forfeiture, commenced by the DEA. The $4,340.00 in United States currency at issue in this case was seized on July 6, 2015. On August 5, 2015, within 30 days of the seizure, the DEA sent notice of the administrative forfeiture by certified mail to "Everything Smoking" (Claimant's business), Claimant's last known home address, and a neighboring

business to "Everything Smoking."[2] The notice letters sent to "Everything Smoking" and Claimant's residence were returned to the DEA with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The owner of the business adjacent to "Everything Smoking" signed and accepted the notice sent to him by certified mail. The DEA also posted notice of the seized property on the Government's official internet forfeiture website, Forfeiture.gov, for 30 consecutive days, beginning on August 17, 2015.[3] On November 6, 2015, after confirming Claimant's home address, the DEA sent a second notice letter to the Claimant at the same address used previously.[4] The second notice letter was not returned to the DEA.[5] On December 9, 2015, Claimant, through his attorney, asserted an interest in the seized currency.

The Government argues the second notice attempt, after the first notice attempt failed, satisfies the statutory notice requirements even though it exceeds the 60-day deadline provided in 18 U.S.C. § 983(a)(1)(A)(i). Alternatively, the Government argues that even if the notice to Claimant was insufficient, dismissal is not warranted under 18 U.S.C. § 983(a)(1)(F).

### B. Analysis

#### 1. Timely Notice

The Government seeks forfeiture of $4,340 in United States currency belonging to the Claimant, as proceeds from trafficking in illegal controlled substances pursuant to 21 U.S.C. § 881(a)(6). The forfeiture proceedings began as an administrative forfeiture

---

[2] *See* Exhibit A (Declaration of Vicki L. Rashid) attached to the Government's Supplemental Brief (docket number 12-1) at 2-3; ¶ 4(b)-(e).

[3] *Id.* at 4; ¶ 4(f).

[4] *Id.* at 4; ¶ 4(g).

[5] *Id.*

initiated by the DEA. By statute, an administrative forfeiture may not be completed unless notice is sent to interested parties within 60 days. *See* 18 U.S.C. § 983(a)(1)(A)(i) ("in . . . nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of seizure."). "If the government knows of a claimant's interest in the currency but fails to take reasonable steps to notify him of the proceedings and the claimant did not know or have reason to know of the seizure with time to file a claim, the claimant may seek to set aside the forfeiture." *U.S. v. $63,530.00 in U.S. Currency*, 781 F.3d 949, 954 (8th Cir. 2015) (citing 18 U.S.C. § 983(e)(1)). The Court explained that "[r]easonable attempts to notify a claimant may include sending written notice to the claimant's last known address and publishing notice in a newspaper of general circulation." *Id.* (citing *Madewell v. Downs*, 68 F.3d 1030, 1046-47 (8th Cir. 1995)).

Here, the DEA sent notice to the Claimant's business ("Everything Smoking"), Claimant's home address, and a neighboring business within the 60-day statutory deadline. Specifically, the DEA sent notice by certified mail to each of these properties on August 5, 2015, 30 days after the currency was seized on July 6, 2015. The notice letters sent to "Everything Smoking" and Claimant's residence were returned to the DEA with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The DEA also posted notice of the seized property on the Government's official internet forfeiture website, <u>Forfeiture.gov</u>, for 30 consecutive days, August 17, 2015 to September 15, 2015. On November 6, 2015, after confirming that it had Claimant's correct home address, the DEA sent a second notice letter to the Claimant. Claimant apparently received the second notice letter, and on December 9, 2015, through his attorney, asserted an interest in the seized currency.

The DEA sent timely notice to Claimant's residence, Claimant's business, and a neighboring business to Claimant's business. After the notice letters to Claimant's residence and business were returned as undeliverable, the DEA published notice on the Government's official internet forfeiture website, Forfeiture.gov, for 30 consecutive days, August 17, 2015 to September 15, 2015. Then, after confirming Claimant's residence, the DEA sent a second notice letter to Claimant's home address. Claimant apparently received the second notice, and timely filed a claim for return of the seized currency. Under such circumstances, even though the notice did not reach Claimant until after the 60-day statutory deadline, I believe the Government made reasonable attempts to notify Claimant of the seizure. *See $63,530 in U.S. Currency*, 781 F.3d at 955 ("Although notice did not reach [the claimant] until 99 days after the seizure occurred, the government made reasonable attempts, based on the available information, to notify [the claimant] of the seizure."). Accordingly, Claimant's motion to dismiss should be denied.

### 2. *Proper Remedy*

The Government argues alternatively that even if notice was not timely, dismissal is not the proper remedy. The Government argues under 18 U.S.C. § 983(a)(1)(F), it is not required to return the property to the Claimant, even if notice was untimely, because (1) it has already commenced a civil forfeiture complaint against the Claimant; and (2) the seized currency, as drug proceeds, is contraband which the Claimant may not legally possess. 18 U.S.C. § 983(a)(1)(F) provides:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other

property that the person from whom the property was seized may not legally possess.

In *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006 (9th Cir. 2013), the Ninth Circuit Court of Appeals addressed the issue of the proper remedy for untimely notice and the interplay between 18 U.S.C. § 983(a)(1)(A)(i) and § 983(a)(1)(F).

> When the federal government seizes property under a civil forfeiture statue, it must send notice to potential claimants "in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). If the government does not send proper notice in the time allotted, the statute provides that the government "shall return the property to the person from whom the property was seized without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." 18 U.S.C. § 983(a)(1)(F). When the government commences a civil forfeiture proceeding, it may seize the property. *See* 21 U.S.C. § 881(b); 18 U.S.C. § 981(b)(2).
>
> This framework arguably suggests that if the government fails to give timely notice it should return the property though it could then commence forfeiture proceedings and re-seize the property.

*Id.* at 1015-16. Based on this framework, the Ninth Circuit raised the question, "is the government required to return property even if it has in the meantime commenced forfeiture proceedings?" *Id.* at 1016.

In answering this question, the Ninth Circuit addressed the minimal case law on this issue, and noted that in *United States v. Assorted Jewelry with an Approximate Value of $219,860.00*, 386 F. Supp. 2d 9 (D.P.R. 2005), the district court held that failing to provide timely notice required return of the seized property even though a civil forfeiture had commenced. However, the court in *Assorted Jewelry* did not consider the question posed by the Ninth Circuit. Instead, the court focused on two issues not relevant to the

7

present case: (1) determining the timing of when the property was actually seized to determine when the 60-day statutory deadline commenced; and (2) whether the claimant had standing to claim the property. *Id.*

Next, the Ninth Circuit discussed *Return of Seized Property v. United States*, 625 F. Supp. 2d 949 (C.D. Cal. 2009), where the district court noted that while "the remedy for failing to provide timely notice is the return of the property seized, the statute also permits the Government to commence a judicial forfeiture proceeding at a later time." *Id.* at 954. In *Return of Seized Property*, the district court pointed out that even though notice may not have been timely, the government properly filed a civil forfeiture action which allowed the government to seize the property (motorcycles) subject to forfeiture. *Id.* The district court opined "[r]elease of the seized motorcycles to Claimants would therefore be academic. The Government's properly-filed civil forfeiture action would allow it to immediately re-seize the property." *Id.* The district court concluded 18 U.S.C. § 983(a)(1)(F) "allows the Government to file a civil forfeiture action at a later time without having to first return the property at issue. The filing of a proper civil forfeiture action enables seizure of the property subject to forfeiture." *Id.* at 955. The district court denied the claimant's motion to return the seized property. *Id.*

Finally, the Ninth Circuit considered *United States v. $114,031.00 in U.S. Currency*, 2007 WL 2904154 (S.D. Fla. 2007). There, the claimant argued 18 U.S.C. § 983(a)(1)(F) "should be read to prohibit the Government, upon failure to send notice within the 60-days required, from bringing a forfeiture proceeding until 'a later time,' which [the claimant] argues means a time after the property has been returned to the person from whom it was seized." *Id.* at *3. The district court disagreed, finding "[t]he plain language of the statute says that returning the property would not prevent the Government from later bringing a forfeiture proceeding. It does not say that the Government is required to return the property before it can bring a forfeiture proceeding."

*Id.* The district court also noted that the seized currency did not have to be returned because as proceeds from drug trafficking, it was contraband. *Id.* The district court concluded that the claimant was not entitled to return of his property, even though the government failed to meet the 60-day statutory notice deadline, because a proper civil forfeiture action had been commenced. *Id.* at *3-*4.

After considering these cases, the Ninth Circuit concluded:

> the better and more practical interpretation of the statutory framework is that a failure to provide timely notice does not require the government to return the property if it has subsequently commenced a forfeiture proceeding. The government can still file a forfeiture action, and once it has done so, it is empowered to seize the property. By the time the issue was raised before the district court, the forfeiture proceeding was under way. Requiring the return of the property and then permitting the government to immediately re-seize it would impose a meaningless exercise.

*$11,500.00 in U.S. Currency*, 710 F.3d at 1016. The circumstances here are virtually identical to the circumstances in *$11,500.00 in U.S. Currency*. Under 18 U.S.C. § 983(a)(1)(F), even if the Government fails to provide timely notice, the Government may still file a forfeiture action, and after doing so the Government is empowered to seize the property. Here, the issue of untimely notice was not raised until after the Government commenced forfeiture proceedings. I believe the Ninth Circuit is correct, "[r]equiring the return of the property and then permitting the government to immediately re-seize it would impose a meaningless exercise." *$11,500.00 in U.S. Currency*, 710 F.3d at 1016. Therefore, even if the Government's notice was untimely, because the Government subsequently commenced a proper civil forfeiture action, dismissal is not an appropriate remedy. Accordingly, Claimant's motion to dismiss should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** that the Motion to Dismiss (docket number 6) filed by Claimant on April 22, 2016, be **DENIED**. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 23rd day of June, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA