# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C16-4018-LTS |
| vs. | **ORDER** |
| FOUR THOUSAND THREE HUNDRED FORTY DOLLARS ($4,340.00) IN UNITED STATES CURRENCY, | |
| Defendant, | |
| and | |
| OLADIMEJI AKINOLA AYODELE, | |
| Claimant. | |

_____

This case is before me on a June 23, 2016, report and recommendation (R&R) filed by the Honorable Jon S. Scoles, Chief United States Magistrate Judge, recommending that I deny the claimant's motion (Doc. No. 6) to dismiss. *See* Doc. No. 14. The parties have not filed written objections to the R&R and any objections are now deemed waived. *See* N.D. Ia. L.R. 72.1.

## *I. RELEVANT BACKGROUND*

On March 7, 2016, the Government filed a verified complaint (Doc. No. 1) of forfeiture *in rem*, pursuant to 21 U.S.C. § 881(a)(6), seeking to forfeit $4,340.00 belonging to the claimant. The Government based its forfeiture complaint on an

allegation that the money had been used, or was going to be used, in the claimant's drug trade.[1]  Doc. No. 1.

On April 22, 2016, the claimant filed a motion to dismiss.  Doc. No. 6.  In that motion, the claimant argued:

> On the 6th day of July, 2015 $4,340.00 of United States currency was seized from claimant by the Drug Enforcement Agency (DEA) in Sioux City, Iowa.  An administrative forfeiture was commenced by the DEA.  The agency mailed the claimant personal notice of seizure on November 6, 2015 stating that if the claimant wanted to contest the forfeiture of seized property, he must file a claim with the Forfeiture Counsel of the DEA by December 11, 2016.  On the 9th day of December, 2016 the claimant mailed his claim for seized property to the Forfeiture Counsel. . .  After seizing property subject administrative forfeiture, the seizing agency, in additional to publishing notice, shall send personal written of the seizure to each interested party in a manner reasonably calculated to reach such parties. 28 C.F.R. § 8.9(b).  Pursuant to 28 C.F.R. § 8.9(c), "the personal written notice required by § 8.9(b) shall be sent as soon as practicable, and in no case more than sixty (60) days after the date of seizure. Except as otherwise provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(i).  Claimant argues that there is insufficiency of service of process.  The property that is the subject matter of this litigation was seized by the DEA on July 6, 2015.  However, the Government never mailed the claimant personal notice until November 6, 2015.  More than one hundred and twenty (120) days passed between the date of seizure and the date of personal notice.  Claimant contends that in order to comply with the Code of Federal Regulations he would have had to been provided noticed within sixty days of the property being seized by federal law enforcement.  The Government failed to provide the claimant proper notice and failed to obtain an extension from the Court for sending notice.

Doc. No. 6-1, 1-3.

---

[1] The relevant factual background is set forth in the R&R.  Doc. No. 14 at 2-3.

The Government filed a resistance in which it argued that the Government had properly served the claimant's attorney in the above-captioned case. Doc. No. 10-1 at 3-4. Because the Government's resistance missed the point of the claimant's motion, Judge Scoles ordered additional briefing on two issues: (1) whether the Government properly noticed the claimant following its initial seizure of the money and (2) whether dismissal is the appropriate remedy if the Government failed to provide proper notice in the administrative action. Doc. No. 11.

The Government then filed a supplemental resistance (Doc. No 12) in which it cited *United States v. $63,530.00 in U.S. Currency*, 781 F.3d 949, 955 (8th Cir. 2015), to argue that notice is sufficient if the Government begins making reasonable attempts to notify the claimant within the 60-day period, even if the claimant does not actually receive notice until after the 60-day period has run. Doc. No. 12 at 5-8. The Government also made an alternate argument that even if notice was insufficient, dismissal is not the proper remedy if, subsequent to the administrative forfeiture action, the Government files an *in rem* civil forfeiture proceeding. Doc. No 12 at 9-11.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

3

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, because neither party has objected to the R&R, I will review it for clear error.

### III. ANALYSIS

#### A. *The R&R*

In recommending denial of the claimant's motion, Judge Scoles explained:

> Here, the DEA sent notice to the Claimant's business ("Everything Smoking"), Claimant's home address, and a neighboring business within the 60-day statutory deadline. Specifically, the DEA sent notice by certified mail to each of these properties on August 5, 2015, 30 days after the currency was seized on July 6, 2015. The notice letters sent to: "Everything Smoking" and Claimant's residence were returned to the DEA with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The DEA also posted notice of the seized property on the Government's official internet forfeiture website, Forfeiture.gov, for 30 consecutive days, August 17, 2015 to September 15, 2015. On November 6, 2015, after confirming that it had Claimant's correct home

4

> address, the DEA sent a second notice letter to the Claimant. Claimant apparently received the second notice letter, and on December 9, 2015, through his attorney, asserted an interest in the seized currency. . . . Under such circumstances, even though the notice did not reach Claimant until after the 60-day statutory deadline, I believe the Government made reasonable attempts to notify Claimant of the seizure. *See $63,530 in U.S. Currency*, 781 F.3d at 955 ("Although notice did not reach [the claimant] until 99 days after the seizure occurred, the government made reasonable attempts, based on the available information, to notify [the claimant] of the seizure."). Accordingly, Claimant's motion to dismiss should be denied

Doc. No. 14 at 5-6. Judge Scoles also made the following, alternate holding:

> Here, the issue of untimely notice was not raised until after the Government commenced forfeiture proceedings. I believe the Ninth Circuit [in *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016 (9th Cir. 2013)] is correct, "[r]equiring the return of the property and then permitting the government to immediately re-seize it would impose a meaningless exercise." *$11,500.00 in U.S. Currency*, 710 F.3d at 1016. Therefore, even if the Government's notice was untimely, because the Government subsequently commenced a proper civil forfeiture action, dismissal is not an appropriate remedy. Accordingly, Claimant's motion to dismiss should be denied.

Doc. No. 14 at 9.

**B.    *Analysis***

I find no error, clear or otherwise, in the R&R. It appears to be undisputed that the Government seized the currency at issue on July 6, 2015. Within 60 days of that seizure, on August 5, 2015, the Government sent notice to the claimant's home address, his business, and a neighboring business. On August 17, 2015, the Government posted notice of the forfeiture online. After two of the letters were returned as undeliverable, the Government confirmed the claimant's home address and re-sent the notice to that address on November 6, 2015.[2] The second mailing reached the claimant. Based on

---

[2] The first letter to the claimant's home address was not returned as undeliverable until September 28, 2015. Doc. No. 12-1 at 3.

5

these facts, I agree with Judge Scoles that this case is substantially similar to *$63,530.00 in U.S. Currency*, 781 F.3d at 955, in which the Eighth Circuit held that "[b]ecause the government took reasonable steps to notify [claimant] of the forfeiture proceedings and the delay in receipt did not prevent [claimant] from filing a timely claim, we affirm the district court's denial of the motion to dismiss." Here, the Government made reasonable attempts to timely notify the claimant of the administrative forfeiture. The claimant ultimately received notice and was able to file a claim before the deadline. Accordingly, the claimant's motion to dismiss will be denied.

I also agree with Judge Scoles' alternate holding that even if the Government's notice of the administrative forfeiture was untimely, dismissal of this civil action is not the proper remedy.[3] Claimant alleges he did not receive timely notice of the administrative forfeiture. If that were true, and the property had been administratively forfeited, setting aside the administrative finding may have been proper. Here, however, the claimant was able to make a timely claim during the administrative proceeding. The Government then filed this civil action.

As Judge Scoles noted, the Government has a right to file a civil forfeiture action regardless of whether it commenced an administrative action. Doc. No. 14 at 8-9. It would make no sense to dismiss this civil action because the Government may have not provided timely notice in an abandoned administrative proceeding. Indeed, in this case the process worked exactly as designed. The Government seized the property, began an administrative forfeiture proceeding and attempted to notify the claimant. Upon learning that the claimant may not have received notice, the Government extended the administrative forfeiture deadline and made another attempt to provide notice. The claimant then received actual notice and filed a timely claim, forcing the Government to file this civil action. Nothing in this chain of events indicates that return of the seized

---

[3] Both Judge Scoles and the Government noted that numerous counts have reached the same conclusion. *See, e.g., United States v. $203,508 in U.S. Currency*, No. CV 12–00287–RGK (PJWx), 2012 WL 7059757, *2 (C.D. Cal. May 18, 2012).

property or dismissal of this action is appropriate. Accordingly, the claimant's motion will be denied.

## IV. CONCLUSION

For the reasons set forth herein, I **adopt** the R&R (Doc. No. 14) and **deny** the claimant's motion to dismiss (Doc. No. 6).

**IT IS SO ORDERED.**

**DATED** this 15th day of July, 2016.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE